IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00958-PAB-CBS

QUINN McKENZIE JEBE,
    Applicant,
v.

TRAVIS TRANI, Warden,
    Respondent.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (filed May 15, 2009) (doc. # 5). The court has reviewed the Petition, Respondent's Preliminary Response (filed June 9, 2009) (doc. #8), Respondent's Response to Application for Writ of Habeas Corpus ("Answer") (filed July 2, 2009) (doc. # 13), Mr. Jebe's "Reply to Response to Application for Writ of Habeas Corpus ("Traverse") (filed July 22, 2009) (doc. # 17), the entire case file, the exhibits, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

As a preliminary matter, Defendant does not intend to assert the defense of failure to exhaust administrative remedies. (*See* doc. #8 at p. 2 of 3). Mr. Jebe was a prisoner in the custody of the Colorado Department of Corrections and was incarcerated at the Limon Correctional facility. (*See* Petition, doc. #5 at p. 1 of 16). On December 15, 2008, Mr. Jebe had an interview with the Colorado State Board of Parole ("Parole

1

Board"). (Doc. #5 at pp. 2, 3, 9 of 16). The Parole Board granted Mr. Jebe's request for parole, and scheduled his release on his mandatory release date ("MRD"). *(Id.* at p. 9, Affid. of David L. Michaud doc. # 13-2 at ¶ 5). At that time Mr. Jebe's MRD was October 18, 2009. (Doc. #13-2, at ¶ 5). However, Mr. Jebe's MRD was subject to change depending upon the amount of earned time he received while incarcerated. *Id*. As of June 30, 2009, Mr. Jebe's MRD was August 30, 2009 *Id.* at ¶ 7. The Court's independent review of the Colorado Department of Corrections Inmate Locator website reveals Mr. Jebe was on parole as of September 1, 2009. *See* CO Department of Corrections Inmate Locator Website, *available at* http://exdoc.state.co.us/inmate locator/offender_detail.php (last visited Sept. 1, 2009).

Mr. Jebe brings four claims. First, Mr. Jebe challenges the Parole Board's decision to grant his parole on his MRD, asserting that he should have been released on the day of the interview, December 15, 2008. (Doc. # 5 at p. 3 of 16, doc. #17 at p. 3 of 6). Second, he claims the Parole Board abused its discretion by adding the criteria of "Other: MRD" to §17.22.5-401, C.R.S., saying this is prohibited by the separation of powers doctrine and §17.22.5-401[1]. *Id.* Third, Mr. Jebe asserts the Parole Board created a "Liberty Interest" when it gave notice that he was to be released on parole upon his compliance with §17.22.5-401. *Id.* at 5. Mr. Jebe's fourth claim repeats his first claim, stating that he should have been paroled on December 15, 2008. *Id.* at 6. The relief sought for each claim is immediate release on parole. (Doc. # 5 at pp. 4,6 of

---

[1] Part 4 of article 22.5 in the Colorado Revised Statute deals with Parole Eligibility and Discharge from Custody. The legislative declaration states, in part: "if any inmate does not demonstrate positive behavior during incarceration , such inmate should be required to serve the full sentence imposed on such inmate. If any inmate does demonstrate positive behavior during incarceration, such inmate should be considered for release from incarceration prior to the end of the full sentence imposed upon him."

16).

II. Analysis

The first question presented is whether Mr. Jebe's Petition is moot because it no longer satisfies the case or controversy requirement of Article III §2 of the United States Constitution. The "[c]onstitutional mootness doctrine is grounded in the Article III requirement that federal courts may only decide actual ongoing cases or controversies." *Prier v. Steed,* 456 F.3d 1209,1212 (10th Cir. 2006)(internal quotation marks and citations omitted). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Unified Sch. Dist. No. 259 Sedgwick County, Kan. v. Disability Rights Ctr. of Kan.*, 491 F.3d 1143, 1150 (10th Cir. 2007)(internal quotation marks and citations omitted). All four of Mr. Jebe's claims challenge determinations that delayed his parole date, but because it appears he has already been released from custody, the relief sought is no longer needed and there is little purpose in reaching the merits of his arguments. *See Vandenberg v. Rogers,* 801 F.2d 377, 378 (10th Cir. 1986)(dismissing defendant's appeal as moot because the petition merely challenged determinations that delayed his parole date when he was already released from custody).

To prevent this case from being dismissed as moot, Mr. Jebe must demonstrate a "concrete and continuing injury" that is a collateral consequence of being paroled on his MRD. *Spencer v. Kemna* 523 U.S. 1, 7 (1998); *Samuels v. Stanley*, No. 06-cv-01176-PSF-CBS, 2006 U.S. Dist. LEXIS 86088, at *3-4 (D. Colo. Nov. 28, 2006)(finding petitioner failed to show he suffered collateral consequences after his release from state

custody and thus his petition contesting his release on his MRD was moot).  Mr. Jebe has not argued or demonstrated that he will continue to face negative consequences.  *Id.* at 7-8.  In his petition, Mr. Jebe sought an immediate release on parole, and at this point he has been paroled.  Therefore, the Court finds that the Petition is moot because it no longer satisfies the case or controversy requirement of Article III §2 of the United States Constitution.

Even if this case were decided on the merits, "the Colorado parole statute does not circumscribe Parole Board discretion, rather it gives broad outlines for the Board to follow."  *Schuemann v. Colorado State Board of Parole*, 624 F.2d 172, 173 (10th Cir. 1980).  Because parole determinations inherently do not lend themselves to concrete and identifiable standards, federal court review of parole denial is limited to determinations of whether the board's decision was "arbitrary, capricious or an abuse of discretion."  *Id.* at 173-4.  Federal courts may not reweigh evidence, rule on credibility matters, or substitute their judgment for the judgment of the parole board.  *Fiumara v. O'Brien*, 889 F.2d 254, 257 (10th Cir. 1989).  In regards to his first and fourth claims, Mr. Jebe has not demonstrated sufficient evidence to show the Parole Board acted beyond its authority when it decided to grant Mr. Jebe parole on his MRD.

In his second claim, Mr. Jebe contends the Parole Board violated the separation of powers doctrine and §17.22.5-401 C.R.S. when it made his release effective on his MRD.  (Doc. #5 at 3-4 of 16).  The Supreme Court of Colorado has interpreted Colorado's parole statute and determined that the Parole Board is given the "sole power to grant or refuse parole."  §17-2-201(5)(a), 8A C.R.S.; *Martinez v. Furlong*, 893 P. 2d, 130, 131 (Colo. 1995)(*en banc*).  Mr. Jebe has not demonstrated a violation of the

separation of powers doctrine or §17.22.5-401 C.R.S, that would overcome the broad discretion Colorado grants the Parole Board.

Mr. Jebe's third claim asserts the Parole Board created a liberty interest when it gave notice that Mr. Jebe was to be released on parole upon his compliance with §17.22.5-401 C.R.S.. (Doc. #5 at p. 5 of 16). The Due Process Clause of the Fourteenth Amendment guarantees due process only when a person is to be deprived of life, liberty, or property. U.S. Const. amend. XIV §1. Generally, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). A state creates a constitutionally protected liberty interest by placing substantive limitations on official discretion. *Olim v. Wakinekona*, 461 U.S. 238, 249 (2006). Because the Colorado Parole Board is given the "sole power to grant or refuse parole" §17-2-201(5)(a), 8A C.R.S. "the Colorado statutory scheme does not create a constitutionally protected entitlement to, or liberty interest in, parole." *Thompson v. Riveland*, 714 P.2d 1338, 1340 (Colo. App. 1986).

Accordingly, IT IS RECOMMENDED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be DENIED and that this civil action be DISMISSED with prejudice.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 29th day of September, 2009.

BY THE COURT:


   s/Craig B. Shaffer
United States Magistrate Judge