**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Philip A. Brimmer**

Civil Action No. 09-cv-00958-PAB-CBS

QUINN MCKENZIE JEBE,

    Applicant,

v.

TRAVIS TRANI,
Warden, Limon Correctional Facility,

    Respondent.

_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

    This matter is before the Court on the Recommendation of United States Magistrate Judge Craig B. Shaffer filed on September 29, 2009 [Docket No. 18].  The Recommendation states that objections to the Recommendation must be filed within ten days after its service on the parties.  *See also* 28 U.S.C. § 636(b)(1)(C).  The Recommendation was served on September 29, 2009.  No party has objected to the Recommendation.

    In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").  In this matter, I have reviewed the Recommendation to

satisfy myself that there is "no clear error on the face of the record."[1]  See Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, I have concluded that the Recommendation is a correct application of the facts and the law.  Accordingly, it is

**ORDERED** as follows:

1.  The Recommendation of United States Magistrate Judge [Docket No. 18] is ACCEPTED.

2.  The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 3] is DENIED.

3.  This matter, and all claims asserted therein, is dismissed with prejudice.

DATED October 27, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).